[Cite as *State v. Morgan*, 2021-Ohio-3972.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

ANGEL R. MORGAN,

    DEFENDANT-APPELLANT.

CASE NO. 9-21-11

O P I N I O N

Appeal from Marion County Common Pleas Court
Trial Court No. 20-CR-283

Judgment Affirmed

Date of Decision:   November 8, 2021

APPEARANCES:

    *Carlos M. Crawford* for Appellant

    *Nathan Heiser* for Appellee

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Angel Morgan ("Morgan") brings this appeal from the judgment of the Court of Common Pleas of Marion County. Following a guilty plea to two of the six charges, the trial court sentenced Morgan to an aggregate prison term of 11-15 years. Morgan alleges on appeal that the trial court erred by 1) failing to merge the offenses and 2) sentencing her to consecutive sentences. For the reasons set forth below, the judgment is affirmed.

{¶2} On July 15, 2020, the Marion County Grand Jury indicted Morgan and her boyfriend of the following charges: 1) murder in violation of R.C. 2903.02(B); 2) murder in violation of R.C. 2903.02(B); 3) felonious assault in violation of R.C. 2903.11(A)(1); 4) endangering children in violation of R.C. 2919.22(B)(1); and 5) endangering children in violation of R.C. 2912.22(B)(1). Doc. 1. An additional count of endangering children in violation of R.C. 2919.22(B)(2) was added on February 9, 2021. Doc. 40.[1] Pursuant to a plea agreement, Morgan agreed to enter a plea of guilty to Count 3 (felonious assault) and Count 6 (endangering children). Doc. 44. In exchange, the State agreed to dismiss the remaining four counts of the indictment. Doc. 44. The plea of guilty to Counts 3 and 6 was accepted by the trial court and the remaining counts were dismissed. Doc. 44.

---

[1] Morgan waived the right to be charged via indictment on Count 6 and consented to prosecution by information. Doc. 43.

{¶3} On March 29, 2021, the trial court held a sentencing hearing. Doc. 48. Morgan argued that the sentences should merge at that hearing. The trial court imposed a sentence of 8-12 years of prison as to Count 3 and 36 months in prison as to Count 6. Doc. 48. The trial court then ordered that the sentences be served consecutively to each other for an aggregate sentence of 11-15 years in prison. Doc. 48. Morgan filed a timely notice of appeal from this judgment. Doc. 50. On appeal, Morgan raises the following assignments of error.

**First Assignment of Error**

**The trial court erred in failing to merge the child endangering and felonious assault charges when sentencing [Morgan].**

**Second Assignment of Error**

**The trial court abused its discretion in imposing consecutive sentencing in this matter.**

*Merger of Sentences*

{¶4} In her first assignment of error, Morgan claims that the trial court erred by not merging the two sentences as the offenses were allied offenses of similar import. "Whether offenses are allied offenses of similar import is a question of law that this court reviews de novo." *State v. Cartlidge*, 3d Dist. Seneca No. 13-18-33, 2019-Ohio-1283, ¶ 26. The most recent test for merger of multiple offenses was set forth by the Ohio Supreme Court in the case of *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892. In *Ruff*, the defendant was convicted of rape, aggravated burglary, attempted rape, and sexual battery of a minor. Id. at ¶ 2. The

issue before the Court was whether the rape and aggravated burglary charges should have merged. *Id.* When discussing the issue of merger, the Court held as follows.

> **When the defendant's conduct constitutes a single offense, the defendant may be convicted and punished only for that offense. When the conduct supports more than one offense, however, a court must conduct an analysis of allied offenses of similar import to determine whether the offenses merge or whether the defendant may be convicted of separate offenses. R.C. 2941.25(B).**
>
> **A trial court and the reviewing court on appeal when considering whether there are allied offenses that merge into a single conviction under R.C. 2941.25(A) must first take into account the conduct of the defendant. In other words, how were the offenses committed? If any of the following is true, the offenses cannot merge and the defendant may be convicted and sentenced for multiple offenses: (1) the offenses are dissimilar in import or significance – in other words, each offenses caused separate, identifiable harm, (2) the offenses were committed separately, or (3) the offenses were committed with separate animus or motivation.**
>
> **At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct. The evidence at trial or during a plea or sentencing hearing will reveal whether the offenses have similar import. When a defendant's conduct victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant can be convicted of multiple counts. Also a defendant's conduct that constitutes two or more offenses against a single victim can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense. We therefore hold that two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.**
>
> **\* \* \***

> **Rather than compare the elements of two offenses to determine whether they are allied offenses of similar import, the analysis must focus on the defendant's conduct to determine whether one or more convictions may result, because an offense may be committed in a variety of ways and the offenses committed may have different import. No bright-line rule can govern every situation.**
>
> **As a practical matter, when determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when the defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.**

*Id*. at ¶ 24-26, 30-31. The Court reversed the judgment of the appellate court and remanded the matter to the appellate court for consideration of whether the import of the aggravated burglary and the import of the rape were similar or similar in each of the events. *Id*. at 29.

{¶5} Here, Morgan pled guilty to two charges: 1) felonious assault and 2) endangering children. To prove felonious assault, the State had to show that Morgan caused serious physical harm to another. R.C. 2903.11(A)(1). The basis for this charge was that Morgan had repeatedly struck the victim about the head which eventually caused his death. To prove the endangering children charge, the State had to show that Morgan tortured or cruelly abused a child. The basis for this charge was that Morgan had not fed or provided fluids to the victim resulting in him being malnourished and dehydrated. The acts forming the basis of the charges were not

the same, but separate acts done at separate times. Thus, they were committed separately. If the acts were committed separately, they cannot be allied offenses of similar import which are merged for the purposes of sentencing. *Ruff, supra* at ¶ 31. The first assignment of error is overruled.

*Imposition of Consecutive Sentences*

{¶6} Morgan's second assignment of error alleges that the trial court erred by imposing consecutive sentences. Morgan claims that since she did not commit the worst form of the offense, she should not have received consecutive sentences. The imposition of consecutive sentences is controlled by R.C. 2929.14(C)(4).

> **If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:**
>
> **(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.**
>
> **(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.**

**(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.**

{¶7} Morgan does not argue that the trial court erred by failing to make the required findings. She also does not argue that the trial court failed to consider the sentencing factors set forth in R.C. 2929.11 and 2929.12. Instead her argument is that the trial court's conclusions were not supported by the record. However, in *State v. Jones*, the Supreme Court of Ohio held that an appellate court has no authority to weigh the evidence and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with the overriding purposes of felony sentencing and the sentencing factors. *Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649. Pursuant to this holding, this Court may not consider how the trial court applied the factors set forth in R.C. 2929.11 and 2929.12. *Id.* at ¶ 31. The second assignment of error is overruled.

{¶8} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Court of Common Pleas of Marion County is affirmed.

*Judgment Affirmed*

**ZIMMERMAN and MILLER, J.J., concur.**

**/hls**